# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

JACOB KEITH ADKINS, INDIVIDUALLY,
AND AS THE SOLE WRONGFUL DEATH
BENEFICIARY OF JOSEPH ADKINS, DECEASED            PLAINTIFF

v.            CIVIL ACTION NO. 3:23-CV-249-DMB-JMV

LEANDER M. GRIMM, M.D., DESOTO TRAUMA
SURGICAL CONSULTANTS, PLLC, MOHAMED
AHMED OSMAN, M.D., PATHOLOGY GROUP OF THE
MIDSOUTH, P.C., MERLIN RESOURCES, LLC
f/k/a TRUMBULL LABORATORIES, LLC, BAPTIST
MEMORIAL HOSPITAL - DESOTO, INC., AND
JOHN DOES 1-10            DEFENDANTS

## ORDER DENYING MOTION TO EXCUSE LOCAL COUNSEL FROM CERTAIN PROCEEDINGS

THIS MATTER is before the Court on Defendants Merlin Resources, LLC, and Pathology Group of the Midsouth, P.C.'s Motion [69] to Excuse Local Counsel from Certain Proceedings. For the reasons that follow, the motion is denied as made.

In their motion, Defendants request that the court relieve Attorney Peter Winterburn, local counsel for these defendants, of the requirement under Local Rule 83.1(d)(3) that "at least one resident attorney… must personally appear and participate in all trials, in all pretrial conferences, case management conferences and settlement conferences, hearings and other proceedings conducted in open court, and all depositions or other proceedings in which testimony is given." L.U. Civ. R. 83.1(d)(3). As cause, Defendants represent that "[t]here are many fact depositions that will be scheduled to be taken, some of which may be out of state, within the next [sic] months. This will require time and may require travel." [70] at ¶ 4. Defendants also represent there will be expert witness designations that having to appear at all of these, as well any other court appearances, "is burdensome and will complicate the rest of [local counsel's] law practice." [70] at ¶¶ 5, 6.

As local counsel in a case involving non-resident attorneys, Mr. Winterburn has specific obligations.

> No eligible nonresident attorney may appear pro hac vice unless and until a resident attorney has been associated. The resident attorney remains responsible to the client and responsible for the conduct of the proceeding before the court. It is the duty of the resident attorney to advise the client of the resident attorney's independent judgment on contemplated actions in the proceedings if that judgment differs from that of the non-resident attorney. At least one resident attorney must sign every submission filed with the court and must personally appear and participate in all trials, in all pretrial conferences, case management conferences and settlement conferences, hearings and other proceedings conducted in open court, and all depositions or other proceedings in which testimony is given.

L.U. Civ. R. 83.1(d)(3). Given the local rule, Mr. Winterburn has "an ongoing obligation to be actively involved in all aspects of the litigation." *See M.B. by and through Bedi v. Rankin Cty. School Dist.*, 2016 WL 1077833, at *4 (S.D. Miss. Mar. 17, 2016). The local rule itself is unambiguous in requiring the presence of local counsel, and no legal authority has been provided to suggest that the requirement is not absolute. Further, Defendants' motion, as made, would relieve local counsel of obligation to attend *any* setting described in L.U. Civ. R. 83.1(d)(3) as he so chooses. Given that the rule safeguards a client's interests by having local counsel involved on an ongoing basis, the undersigned fails to see how a blanket attendance excuse complies with not only the letter of the local rule, but also the spirit.

IT IS THEREFORE, ORDERED, that Defendants' motion [69] is hereby denied without prejudice.

SO ORDERED, this the 8th day of January, 2024.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**